**In re WALTER KOENIG CO. and Edward Joseph Koenig, Debtors.**

**Bankruptcy Nos. 1–86–00479, 1–86–00480.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 17, 1987.

Robert A. Goering, Cincinnati, Ohio, for debtors.

DECISION and ORDER ON OBJECTION TO CLAIM OF DONALD C. MALY

BURTON PERLMAN, Bankruptcy Judge.

The two cases in the caption were consolidated for purposes of administration.

---

Debtor, Walter Koenig Co., is a corporation. The individual debtor, Edward Joseph Koenig, in the other case, is president of the corporation. Both cases were filed February 12, 1986. A plan for the cases was confirmed in December, 1986.

■ Donald C. Maly was an employee of debtors. He has filed a claim in which he asserts that he is owed wages at $500.00 per week for the weeks ending March 8, 1985, March 15, 1985 and March 22, 1985. He claims $100.00 as well for the day of March 25, 1985. His proof of claim "demands priority to the extent permitted by 11 U.S.C. § 507(a)(3), & (4)." On their face, the payments claimed do not fall within the period of 90 days prior to the date of filing of the petition and, therefore, Maly is not entitled to priority for the amounts that he claims.

■ Debtors object to Maly's claim. Their objection, while admitting that Maly was a former employee, asserts that "without authorization [he] overpaid himself $100.00 a week."

The matter came on for hearing. At that time, it was clear that debtors do not contest that the wages claimed were, in fact, earned. There is no question, then, that Maly has carried his burden so far as establishing his claim. The contest rather is a right to setoff asserted by debtors. They say that Maly was overpaid in the amount of $2,100.00 which should be set off against his claim. That setoff would negate his claim. Maly, for his part, at the hearing did not dispute that he was paid the $2,100.00 questioned by debtors. It was his testimony, however, that the $2,100.00 was paid to him pursuant to an oral agreement which he entered into with Edward J. Koenig.

The following relevant facts were testified to. In about August, 1980, Maly started working in the office of debtors as administrative manager of the company. He did the payroll, some quoting, and signed checks. Beginning with date October 5, 1984, the payroll record shows that each week Maly took a bonus, in the amount of $100.00 after the initial one of $200.00.

Maly testified, and it was not contested, that the company was in dire straits when he took over administration of the office in August, 1980. The company was in debt in the amount of about $250,000.00, with indebtedness to IRS of $140,000.00. Maly dealt with creditors and worked out payment arrangements so that all debt was taken care of in three and one-half years, except for $40,000.00 to IRS. By late 1983, or early 1984, the company was current with its creditors. In December, 1983, Maly spoke to Edward J. Koenig and offered to buy 50% of the business. Koenig refused this. Instead, Maly testified, Koenig proposed that Maly take 10% of the gross profit of each project. Maly testified that Koenig signed most of the checks, and it was also the testimony of Koenig that he signed checks.

As we have said, beginning in October, 1984, Maly began including a bonus in his checks. There was no concealment of this. It was shown on his payroll record. On March 25, 1985, Koenig questioned the $100.00 bonus payment. Maly told him what it was for. Koenig denied any such agreement, saying that there had been no profit for the last couple of years and the bonus was unjustifiable. Maly thereupon quit, believing that Koenig did not intend to honor the agreement between them.

The company was in a good cash position in early 1983, but by the end of 1983 it was not. In February, 1984, debtors bought a crane and made a cash down payment of $8,500.00. Countering Koenig's contention that debtors did not show profitability which would activate the agreement between debtors and Maly, Maly said that the ability to make a substantial payment on a piece of equipment from free cash indicated profitability.

Evaluating the foregoing, we are satisfied that Maly sincerely believed that he had an agreement with his employer for extra compensation above his pay. Koenig does not really dispute the existence of an agreement, but contends that the condition, profitability, which was part of the agreement, did not come to pass. At the same time, there is no dispute that Maly openly

was drawing extra compensation on a weekly basis, and Koenig often was signing the check for such payments. It is not really credible that it was only after six months of such payments that Koenig became aware of them. Rather, the evidence was that at that time the company was in financial difficulty, and it was this which motivated Koenig to object to the payments, not a belief that the payments were improper. We conclude by his inactivity that Koenig acquiesced in the agreement that Maly believed that he had with his employer. 28 Am.Jur.2d 674, Estoppel and Waiver, § 57.

Debtors have failed to establish any right to setoff against the admitted amount of the claim by Maly. The objection is overruled.

So Ordered.